```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gigunda Group, Inc.

    v.                                          Civil No. 15-cv-104-LM
                                                    Opinion No. 2015 DNH 209

Creative Collective
Group, et al.

## **O R D E R**

Gigunda Group, Inc. ("Gigunda") brought suit against Creative Collective Group ("CCG"), Bronwyn Fenton, Selene Fenton, and trustee defendant American Express Company ("American Express") in Rockingham County Superior Court. CCG and the Fentons removed the case to this court. Gigunda moves for leave to amend its complaint. CCG and the Fentons object.[1]

## **Background**

Gigunda describes itself as "an independent, nationally recognized advisor to large U.S. corporations for providing strategic thinking, creative and brand advisory services." Am. Compl. (doc. no. 14) at 1. Gigunda alleges that in late 2014, CCG, through its principal, Bronwyn Fenton, approached Gigunda to partner with CCG in developing a pitch for and ultimately executing an American Express marketing campaign ("campaign").

---

[1] The court will refer to CCG and the Fentons collectively as "defendants."

Gigunda alleges that "[t]hrough a pattern of fraudulent and deceptive representations by [Bronwyn and Selene[2]] Fenton over a four-month period, Gigunda was prompted by Fentons/CCG to expend considerable time, resources and effort to ideate and develop creative platforms and corresponding operational plans to help win the business and execute the campaign." Id. at 1-2. Gigunda further alleges that neither the Fentons nor CCG ever compensated it for the work it performed on the campaign.

Gigunda instituted this action, asserting several contract-based state-law claims, as well as a fraud claim, and a claim under New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. Ch. 358-A. Gigunda's original complaint named as defendants CCG, Bronwyn Fenton, Selene Fenton, and American Express as a trustee defendant.

The defendants moved to dismiss certain claims in the complaint. On June 10, 2015, after a hearing on the motion, the court granted the motion in part and dismissed several claims.

In the June 10 order, the court also granted Gigunda's motion for leave to file an amended complaint, which Gigunda had made at the hearing. Gigunda filed its amended complaint on June 22, 2015, and defendants filed their answer on July 9,

---

[2] Selene Fenton is Bronwyn Fenton's sister.

2015.  The amended complaint named the same defendants as the original complaint.

Gigunda now moves for leave to file a second amended complaint.  Gigunda asserts that the proposed second amended complaint ("second amended complaint") is different from the first amended complaint in three ways.  The second amended complaint: (i) adds "Fenton Group, LLC,"[3] as a defendant, (ii) adds "Everyday is Tuesday," which Gigunda asserts was CCG's billing vendor for the campaign, as a defendant, and (iii) changes the name of defendant "American Express Company" to "American Express Travel Related Services, Inc."

## Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right may amend only with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Because the proposed amendment seeks to add a new party, the motion is technically governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party . . . ."  Sharp v. Deutsche Bank Nat'l Trust Co.,

---

[3] Gigunda asserts that it seeks to add Fenton Group, LLC as a defendant because "Defendants plead that the putative defendant, Creative Collective Group, was a trade name of the Fenton Group, LLC."  Pl.'s Mot. (doc. no. 17) at ¶ 3.

3

No. 14-cv-369-LM, 2015 WL 4771291, at *3 (D.N.H. Aug. 11, 2015) (internal quotation marks and citations omitted). "However, the same standard of liberality applies under either [Rule 15(a) or 21]." Podkulski v. Doe, No. 11-cv-102-JL, 2013 WL 3475229, at *3 (D.N.H. July 9, 2013) (internal quotation marks and citation omitted).

"[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (internal quotation marks and citations omitted). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

## Discussion

Defendants object to Gigunda's motion only to the extent the second amended complaint adds Everyday is Tuesday ("EDIT") as a defendant. Defendants argue that none of the factual allegations in the second amended complaint supports a claim against EDIT and, therefore, amending the complaint to add EDIT as a defendant would be futile.

In response, Gigunda makes two arguments in support of adding EDIT as a defendant. First, it asserts that it filed a Petition to Attach with Notice ("petition to attach") with its original complaint, which sought to attach the money owed by American Express to CCG for work performed on the campaign. Gigunda asserts that "[t]he purpose of the addition of [EDIT] is simply to allow American Express to 'recognize' its vendor and appropriately secure the funds pending resolution of the litigation." Pl.'s Reply (doc. no. 20) at ¶ 4.

Second, Gigunda asserts that EDIT is "for all intents and purposes, indistinguishable from [CCG] and both law and equity militate that it be recognized as such." Id. at ¶ 8. In other

words, Gigunda argues that EDIT is CCG's "alter ego" and, therefore, it should be named as a defendant in this action.

I.  <u>EDIT as CCG's Billing Vendor</u>

Gigunda states that it is adding EDIT as a defendant in support of its petition to attach.  Gigunda explains that it is seeking an attachment of payments made by American Express to CCG, and for that reason named American Express as a trustee defendant.  Because EDIT, as CCG's billing vendor, would receive any payments made by American Express to CCG, Gigunda seeks to add EDIT as a defendant to make it clear to American Express which payments would be attached.

As such, Gigunda does not allege wrongdoing by EDIT or allege claims against EDIT in the second amended complaint.  Instead, Gigunda apparently intends to notify American Express that payments made to EDIT are payments to CCG and that those are the payments Gigunda seeks to attach.  Gigunda provides no legal support for adding a defendant for that purpose.  Therefore, EDIT's status as CCG's billing vendor is insufficient to add EDIT as a defendant in this action.

II. <u>Alter Ego</u>

Gigunda argues that EDIT is liable for CCG's conduct because EDIT "is one and the same as" CCG.  Doc. no. 20 at ¶ 5.

In support, Gigunda asserts that EDIT shares the same principals and business manager as CCG, that EDIT has no other employees and shares the same location as CCG, and that the two entities "commingle[d] funds." Id. at ¶¶ 5 & 6. Gigunda contends that "[i]t follows, then, that EDIT is the alter ego of the initial individual and corporate Defendants." Id. at ¶ 6.

Gigunda's attempt to name EDIT as a defendant based on the alter ego doctrine is misplaced. In New Hampshire, the alter ego doctrine is also referred to as piercing the corporate veil. Bartholomew v. Delahaye Grp., Inc., No. 95-20-B, 1995 WL 907897, at *10 (D.N.H. Nov. 8, 1995). When courts pierce the corporate veil, they "disregard the fiction that the corporation is independent of its stockholders and treat the stockholders as the corporation's 'alter egos.'" Norwood Grp. v. Phillips, 149 N.H. 722, 724 (2003).

Courts in New Hampshire "will pierce the corporate veil and assess individual liability . . . where the corporate identity has been used to promote an injustice or fraud." LaMontagne Builders, Inc. v. Bowman Brook Purchase Grp., 150 N.H. 270, 275 (2003) (citing Terren v. Butler, 134 N.H. 635, 639 (1991)); see also Bad Paper, LLC v. Mountain Home Developers of Sunapee, LLC, No. 11-cv-393-LM, 2013 WL 1821607, at *4 (D.N.H. Apr. 30, 2013) (noting that a court will pierce the corporate veil where individuals "hid behind [the corporate defendant] to engage in

7

activities that created liabilities they hoped to avoid"). Therefore, the alter ego doctrine and corporate veil-piercing "have been used to do one thing only: hold the owners of corporations liable for the debts of the corporations they own." Michnovez v. Blair, LLC, 795 F. Supp. 2d 177, 186 (D.N.H. 2011).

Gigunda offers no support for the proposition that the alter ego doctrine can be used to hold a separate entity – as opposed to a corporation's owners or stockholders – liable for a corporation's actions.  See, e.g., id. (noting the lack of support for the proposition that New Hampshire would adopt an alter ego or veil-piercing theory "under which an entity other than [] the owner of a corporation could be held liable for that corporation's conduct").  Therefore, Gigunda has not shown that EDIT, which Gigunda does not allege is an owner of CCG, can be liable for CCG's conduct under the alter ego doctrine.

Even if Gigunda had identified any such support, it has not alleged facts sufficient to show that EDIT was CCG's alter ego. There are no allegations in the second amended complaint that would support the idea that CCG used EDIT to promote an injustice or fraud, or to shield itself from liability.  Indeed, Gigunda argues that defendants agreed with American Express to use EDIT for billing purposes "for their administrative convenience and to expedite payment . . . because [EDIT] had already been approved as an American Express vendor, obviating

the need to process a new payment authorization for" CCG. Doc. no. 20 at ¶ 2. As such, Gigunda alleges that EDIT was used as the billing vendor for the campaign out of convenience to American Express, rather than for any unlawful purpose.

Further, although Gigunda asserts in its motion that CCG and EDIT share the same principals, customers, and locations, and that EDIT had no other employees or assets, none of those assertions is alleged in the second amended complaint.[4] See Sykes v. RBS Citizens, B.A., 2 F. Supp. 3d 128, 137 n.10 (D.N.H. 2014) ("As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), in making futility determinations, the court must limit itself to allegations in the complaint . . . ."). The only factual allegation in the second amended complaint concerning the relationship between EDIT and CCG is that the two entities shared the same business manager. Gigunda offers no support for the proposition that sharing the same business manager is sufficient to characterize one entity as the alter ego of the other. There are simply no factual allegations in

---

[4] Indeed, the assertion that CCG and EDIT have the same location is directly contradicted by the allegations in the second amended complaint. Compare Sec. Am. Compl. (doc. no. 17-1) at ¶ 2 (listing CCG's address as 279 Spillway Road in West Hurley, New York) with id. at ¶ 6 (listing EDIT's address as 2147 Bay Street, San Francisco, California).

the second amended complaint to demonstrate that EDIT is CCG's alter ego.[5]

Therefore, the second amended complaint does not state a claim against EDIT.  To the extent Gigunda's motion seeks leave to amend its complaint to add EDIT as a defendant, it is denied on futility grounds.

## Conclusion

For the foregoing reasons, Gigunda's motion for leave to file a second amended complaint (doc. no. 17) is granted except to the extent it names Everyday is Tuesday as a defendant.

Gigunda shall file the amended complaint as allowed in this order **on or before November 20, 2015.**

SO ORDERED.

_____
Landya McCafferty
United States District Judge


November 9, 2015

cc:   Kenneth C. Bartholomew, Esq.
      Chad L. Edgar, Esq.
      Lawrence B. Gormley, Esq.
      Rose Marie Joly, Esq.
      Debra L. Mayotte, Esq.

---

[5] Gigunda alleges in conclusory fashion that EDIT was an entity "controlled by the individual defendants."  Doc. no. 17-1 at ¶ 12.  Such an allegation, even if credited, is insufficient to show that EDIT was CCG's alter ego.